UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HASSEH, EL BEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 2:20-cv-00073-Z-BR |
| | § | |
| CONRAD DOMINGUEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' CITY OF VEGA, CHAD HARRIS, AND
MARK GRONEMAN'S MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6), AND, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR MORE
DEFINITE STATEMENT PURSUANT TO RULE 12(e) AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

COME NOW the Defendants City of Vega (hereinafter "City"), Chad Harris (hereinafter "Harris"), and Mark Groneman (hereinafter "Groneman") (collectively "Defendants") and file their Motion to Dismiss Pursuant to Rule 12(b)(6), and, alternatively, Defendants' Motion for More Definite Statement Pursuant to Rule 12(e) and Brief in Support in the above-styled case. Defendants would show the Court as follows:[1]

**I.
SUMMARY**

The *pro se* Plaintiff's Verified Complaint is ambiguous as to what alleged actions Plaintiff Hasseh, El Bey (hereinafter "Plaintiff") attributes to each Defendant.[2] In most places the Plaintiff

---

[1] Chad Harris is the Vega City Marshal. Mark Groneman is the Mayor of Vega, Texas.
[2] The Fifth Circuit applies *Iqbal* pleading requirements to *pro se* pleadings. It stated in one case: "Though 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers,' we have recognized that such complaints must 'plead enough facts to state a claim to relief that is plausible on its face' in light of the Supreme Court's decision in *Ashcroft v. Iqbal*." *See Champion v. United States*, 421 F. App'x 418, 423 (5th Cir. 2011) (quoting *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461–62 (5th Cir. 2010) (emphasis added)).

attributes conduct to "Defendants"—plural—without identifying the particular Defendant. *See* Pl.'s Comp. at ¶¶ 14, 18-19, 21, 24, 26-27, 29-34, 38-42, 44-45, 47, 50-55, 57-59, 62-65, 67-69 (ECF 3). Plaintiff failed to plead facts of the alleged misconduct with particularity as the law requires in claims against public officials for certain civil rights claims. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 596-97 (1998) (discussing the court's ability to order a Rule 7(a) reply or grant a defendant's motion for more definite statement under Rule 12(e) when qualified immunity is at issue); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 & n.2 (10th Cir. 2008). Qualified immunity will be asserted for the proper Defendants in a later pleading. A more definite statement is needed so that qualified immunity can be addressed at the outset of the litigation.

As set forth below, however, some of the allegations are clear and are therefore subject to this Motion to Dismiss Pursuant to Rule 12(b)(6). The remaining vague/unclear allegations are subject to the Motion to Dismiss Pursuant to Rule 12(e), and the Court should order that an amended complaint be filed with greater factual specificity and particularity on those issues.

## II.
### BACKGROUND AND REQUEST TO TAKE JUDICIAL NOTICE

This civil rights lawsuit[3] arises out of a traffic stop initiated by a DPS Trooper, Defendant Conrad Dominguez. *See* Pl.'s Comp. at ¶¶ 9-16 (ECF 3). The Plaintiff was a passenger in the vehicle and alleges that he and the driver are tribal citizens of a tribal government. *Id*. at ¶ 7. The Plaintiff and his companion, El Yumbe, El Bey, were arrested and transported to the jail in Vega, Texas. He alleges that "Defendants conspired with two unnamed state troopers (DOES 1-10), Brent Warden, dba BRENT WARDEN, Chad Harris, CITY of VEGA, COUNTY of OLDHAM, TEXAS[,] DEPARTMENT OF PUBLIC SAFETY and STATE OF TEXAS to search plaintiff without a warrant." *Id*. at ¶ 14. He alleges that DPS Trooper Conrad Dominguez pointed a gun at

---

[3] A nearly identical lawsuit filed by Plaintiff El Yumbe, El Bey has Cause No. 2:20-cv-00074-Z-BR.

his head without a warrant, *id*. at ¶ 15, and that the "Defendants offered no remedy to cure their violation of plaintiff's federal protected rights." *Id*. at ¶ 17. He further alleges that he was held in the jail for seven days "without plaintiff's consent", and that he "was made to give up his fingerprints and likeness" at the jail. *Id*. at ¶ 20. He further alleges that the "Defendants' unreasonable search and unlawful seizure interfered with plaintiff's tribal ministerial duties as a citizen of a tribal government," *id*. at ¶ 21, and that entitles the Plaintiff to compensation under 42 U.S.C. § 1983 because of the "wrongful trespass against plaintiff, which is a personal injury to plaintiff." *Id*. at ¶ 26. Plaintiff specifically references the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution. *Id*. at ¶ 23.

The Plaintiff fails to tell the Court that the traffic stop resulted from speeding, the search of the vehicle revealed that they were traveling with marijuana, and that Plaintiff and his companion failed to provide their real names. The Plaintiff and his companion, El Yumbe, El Bey, have been charged with possession of marijuana and giving a false name to Trooper Dominguez. The Court is requested to take judicial notice of the complaint and information pending in the County Court of Oldham County, Texas; Cause Nos. 4201 (TEX. PEN. CODE § 38.02; Failure to Identify) and OCR-20F-042 (TEX. HEALTH & SAFETY CODE § 481.121(b)(3); Possession of Marijuana). *See* ECF 19, Exhibits C, D.

### III.
### RULE 12(b)(6) STANDARD OF REVIEW

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *See Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and alteration omitted). To survive a

defendant's motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).

Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under a Federal Rule of Civil Procedure 12(b)(6) level, a claim will only have facial plausibility when the pleaded factual content allows the court to draw a reasonable inference the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Dismissal is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Further, a dismissal under Rule 12(b)(6) is proper when "an

affirmative defense or other bar to relief appears on the face of the complaint." *See Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991).

## IV.
### RULE 12(e) STANDARD OF REVIEW

Alternatively, Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when "... a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading ...." FED. R. CIV. P. 12(e). Although the motion is generally disfavored due to the great liberality of Federal Rule of Civil Procedure 8, *see Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006), some circumstances or types of cases make such a motion appropriate. *See* Rutter Group Pract. Guide FEDERAL CIVIL PROCEDURE BEFORE TRIAL—NATIONAL EDITION ("Rutter Group"), Ch. 9 ¶¶ 9:354-9:355.2 (2020 ed.). "Rule 12(e) motions are more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim <u>or the parties against whom the claim is being made</u>." *See* Rutter Group, Ch. 9 ¶ 9:354 (emphasis added).

## V.
### PLAINTIFF'S CLAIMS AGAINST CITY OF VEGA, CHAD HARRIS, AND MARK GRONEMAN MUST BE DISMISSED

Plaintiff sues all individual Defendants "individually and in their official capacities." *See* Pl.'s Comp. at ¶ 2. It is well established that a suit against a governmental official in his official capacity is not a suit against the individual, for the real party in interest is the entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). Defendant City of Vega contends that it and the official capacity claims must be dismissed.

The Plaintiff's Verified Complaint fails to make any allegation which would hold the City of Vega liable for a purported constitutional violation such as a violation of 42 U.S.C. § 1983.

Plaintiff fails to allege or cite any unconstitutional customs or policies. Further, Plaintiff failed to plead any facts that would tend to show a pattern or history of unconstitutional actions. Plaintiff fails to meet his burden of pleading a well-pleaded complaint. Specifically, Plaintiff fails to plead with particularly as to the official capacity claim and claims against the City of Vega, Harris, or Groneman. Therefore, Plaintiff's Verified Complaint must be dismissed.

The United States Supreme Court has "consistently refused to hold municipalities liable under a theory of respondeat superior." *See Board of County Com'rs of Bryan County OK v. Brown*, 520 U.S. 397, 403 (1997); *see also Hinojosa v. Butler*, 547 F.3d 285, 296 (5th Cir. 2008). The Supreme Court has recognized very narrow circumstances in which a municipality may be held liable for the conduct of its employees, even if such conduct is unconstitutional. *See Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 694 (1978); *see also Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998). A municipality may only be liable under § 1983 if the execution of its policy or custom deprives a plaintiff of a constitutionally protected right. *See Brown*, 520 U.S. at 403. Thus,

> "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the [government entity]. The plaintiff must also demonstrate that, through its deliberate conduct, the [government entity] was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the [government entity's] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [government entity's] action and the deprivation of federal rights." *See id.*

Therefore, beyond proof of a deprivation of rights, any municipality's liability under § 1983 requires proof of three elements: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom). *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)

(stating the three elements as: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom).

Because the Plaintiff fails to raise sufficient facts in his Verified Complaint that would impose governmental liability, his official capacity claim and claim against the City of Vega must be dismissed. Furthermore, the Plaintiff <u>pleads only allegations of an isolated incident</u>, which is also insufficient to state an official capacity claim against the City of Vega. Considerably more facts are needed to "establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 813 (1985); *City of Canton v. Harris*, 489 U.S. 378 (1989). The Plaintiff's failure to do so clearly indicates that there is no basis upon which he may be granted relief against the City of Vega or its officials.

Allegations of an isolated incident are insufficient to show the existence of a custom or policy regarding inadequate training or supervision. *See Rodriguez v. Avita,* 871 F.2d 552, 554 (5th Cir. 1989). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." *Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir. 1984). To demonstrate a municipal custom or policy under § 1983, a plaintiff must allege:

> a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force.

*Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir. 1983).

The Plaintiff further fails to allege any policy that was *officially adopted* or promulgated by the City of Vega through its final policy makers, and fails to show a custom or widespread practice so pervasive that it has become the force of law for the County. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002), held that an official policy may be shown through:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*See id.* (footnote omitted); *see also Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003); *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc) ("If actions of city employees are to be used to prove a custom for which the municipality is liable, those actions must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees"). Any policy statement, ordinance, regulation, or decision must be *officially adopted*. The Plaintiff has failed to plead any policy statement, ordinance, regulation, or decision that was officially adopted by the City of Vega. Consequently, the Plaintiff's claims against the City of Vega, Harris, and Groneman are inviable because they wholly fail to meet well-settled pleading standards. *See Iqbal*, 556 U.S. at 678.

Consistent with the commonly understood meaning of "custom," proof of random acts or isolated incidents are not sufficient to show the existence of a custom or policy. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (citing *Rodriguez*, 871 F.2d at 554; *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987)); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984)). Only if a plaintiff shows that his injury resulted from a "permanent and well settled" practice may

liability attach for injury resulting from a local government custom. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 168 (1970)). The Plaintiff may not infer a policy or custom merely because harm allegedly resulted from some interaction with the City of Vega and its officials. *Colle v. Brazos Cnty.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Oklahoma City v. Tuttle*, 471 U.S. 808, 820–24, *reh'g denied*, 473 U.S. 925 (1985) (finding error in jury instructions that permit jurors to infer the existence of improper policies from a single unconstitutional act).

Without proof—or at the Rule 12 stage, allegations—of a recurring pattern, a claim based upon a custom or policy must fail. *See Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations.") "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal Section 1983 liability." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).

For liability to attach on this basis, actual or constructive knowledge of the custom must be attributable to the governing body of the municipality or to an official with policy-making authority. *Pineda*, 291 F.3d at 328. In addressing an unconstitutional policy or custom, the Court must not only determine *what* custom or activity is at issue, and whether such activity rises to the level of municipal liability, but also whether any individual with final policy-making authority established those patterns.

In this case, the Plaintiff has not made any allegations that what the City of Vega and its employees are alleged to have done is something more than an isolated incident and he does not set forth an unconstitutional custom or policy of the City of Vega. Plaintiff's allegations do not rise to the standards required by *Iqbal* and *Twombly*.

## VI.
## PLAINTIFF'S CLAIMS AGAINST CHAD HARRIS, AND MARK GRONEMAN AS INDIVIDUALS MUST BE DISMISSED

Plaintiff's Verified Complaint fails to make any allegation that would hold Harris or Groneman liable for a purported constitutional violations such as a violation of 42 U.S.C. § 1983. Plaintiff fails to meet his burden of articulating a well-pleaded complaint as required by *Iqbal and Twombly*. Specifically, Plaintiff fails to plead with particularly any facts that would tend to show on its face that Harris or Groneman, as individuals, violated Plaintiff's rights. Therefore, Plaintiff's complaints against Harris and Groneman, as individuals, must be dismissed.

## VII.
## THE PLAINTIFF SHOULD BE REQUIRED TO FILE AN AMENDED COMPLAINT WITH GREATER SPECIFICITY AS TO WHAT EACH OF THE DEFENDANTS ARE ALLEGED TO HAVE DONE.

Due to the ambiguous pleadings in Plaintiff's Verified Complaint, it is impossible to identify what each of the twenty-seven Defendants are alleged to have done. As such, Defendants are unable to raise specific defenses or answers to the allegations. For example, Mark Groneman is employed as the Mayor of the City of Vega. Groneman did not conduct a traffic stop nor did he search Plaintiff or arrest Plaintiff. How then should Groneman know which claims to answer when Plaintiff alleges "Defendants", all twenty-seven, committed unconstitutional searches and seizures. He cannot. The same logic and reasoning applies to each named Defendant, and as such to the City of Vega and Vega City Marshal Chad Harris. The Court should dismiss Plaintiff's complaint and require Plaintiff to file a well-plead complaint with sufficient factual specificity and particularity that each Defendant may properly and adequately respond.

## VIII.
## PRAYER

Plaintiff's allegations do not meet the standards as set forth by the Supreme Court in *Iqbal* and *Twombly*. Further, Plaintiff fails to allege complaints sufficient to breach the threshold of

governmental immunity with respect to the Defendants City of Vega, Chad Harris, and Mark Groneman in their official capacities and as individuals.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Vega, Chad Harris, and Mark Groneman respectfully request the Court dismiss with prejudice all claims pursuant to Rule 12(b)(6), or, in the alternative, require Plaintiff to file a more definite statement pursuant to Rule 12(e).

>
> Respectfully submitted,
>
> SPROUSE SHRADER SMITH PLLC
> John Massouh, SBN 24026866
> Email: john.massouh@sprouselaw.com
> C. Eric Vickers, SBN 24118577
> Email: eric.vickers@sprouselaw.com
> Physical: 701 S. Fillmore, Suite 500 (79101)
> Mailing: P.O. Box 15008
> Amarillo, Texas 79105-5008
> Tel: (806) 468-3300; Fax: (806) 373-3454
>
> /s/ *John Massouh*
> John Massouh
>
> **ATTORNEYS FOR DEFENDANTS**
> **CITY OF VEGA, CHAD HARRIS, AND**
> **MARK GRONEMAN**

## NOTICE OF ELECTRONIC FILING

I, John Massouh, certify that I have caused to be filed electronically a true and correct copy of the foregoing pleading, in accordance with the Electronic Case Files system of the Northern District of Texas, on this 22nd day of June, 2020.

> /s/ *John Massouh*
> John Massouh

# CERTIFICATE OF SERVICE

    I, John Massouh, certify that a true and correct copy of the foregoing pleading has been served on Plaintiff *via* U.S. Mail and on all Defendants and counsel of record *via* electronic service this 22nd day of June 2020, as follows:

    Hasseh, El Bey
    304 South Jones Boulevard, #180
    Las Vegas, Nevada 89107
    *Plaintiff*

    Office of the Attorney General, Texas
    Ken Paxton
    Jeffrey C. Mateer
    Ryan L. Bangert
    Darren L. McCarty
    Shanna E. Molinare
    Christopher Lee Lindsey
    Email: Christopher.Lindsey@oag.texas.gov
    *Attorneys for Defendants DPS, THP, AYALA & Whittenton*

    Matt D. Matzner
    Morgan Day Vaughan
    Crenshaw, Dupree & Milam, L.L.P.
    P.O. Box 64479
    Lubbock, Texas 79464-4479
    Email: mmatzner@cdmlaw.com
    Email: mvaughan@cdmlaw.com
    *Attorneys for Defendants Oldham County, Texas, Don R. Allred, Kent Birdsong, Roger Morris III, Brent Warden, Shawn Ballew, and Justin Watts*

    /s/ *John Massouh*
    John Massouh

8801.178 / 1135386_1